UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | 11 CR 00185 |
| | ) | Judge Marvin E. Aspen |
| QUANTA T. BLACK | ) | |

## ORDER

On July 6, 2012, we sentenced Quanta Black to 115 months' imprisonment, after he pled guilty to being a felon in possession of a firearm. (Dkt. No. 38.) On October 4, 2013, Mr. Black filed a motion for an extension of time to file a motion challenging his sentence under 28 U.S.C. § 2255. For the reasons explained below, we deny the motion.

Pursuant to § 2255(f), a federal prisoner wishing to attack his sentence must file a petition for habeas corpus within one year. As is relevant here, the one-year period of limitations begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Here, Mr. Black's judgment became final fourteen days after the entry of judgment, which marked the expiration of the period when he could have filed a timely appeal to the United States Court of Appeals for the Sixth Circuit. Fed. R. App. P. 4(b)(1) (providing that a defendant's notice of appeal in a criminal case must be filed within fourteen days of the entry of the judgment); *see Sanchez-Castellano v. U.S.*, 358 F.3d 424, 425, 428 (6th Cir. 2004); *Hodges v. U.S.*, No. 10 C 172, 2011 WL 3565227, at *6 (M.D. Tenn. Aug. 15, 2011). As a result, the July 6, 2012 judgment became final—and the § 2255 clock started ticking—on July 20, 2012.

Mr. Black's one-year time period to file a habeas corpus petition under § 2255 thus expired on Monday, July 22, 2013. He has not filed a § 2255 petition, and we are not aware of any reason why the deadline could have been tolled. Mr. Black did not file the present motion

until October 4, 2013, more than two months after the deadline passed. As a result, Mr. Black has already missed the one-year filing deadline.

In addition, we do not have the authority to grant Mr. Black's request for an extension of time past the statutory deadline established in § 2255(f). "Federal courts simply lack jurisdiction to consider a request for an extension of time to file a § 2255 motion." *Reed v. U.S.*, 13 F. App'x 311, 313 (6th Cir. 2001) (also noting that the petitioner's "ignorance about filing a § 2255 motion did not toll the limitations period"). Because we cannot give Mr. Black the relief he seeks, the motion is denied. It is so ORDERED.

_____
Marvin E. Aspen
United States District Judge


Dated:       Chicago, Illinois
               October 17, 2013